# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ALEXIS A. PLUNKETT, BAR NO. 11245

No. 79075

**FILED**

NOV 08 2019



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF DISBARMENT*

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Alexis A. Plunkett be suspended from the practice of law for five years and one day based on violations of RPC 3.3(a)(1) (candor towards the tribunal), RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and RPC 8.4(d) (engaging in conduct which is prejudicial to the administration of justice). The panel further recommends that Plunkett be required to pay the costs of the disciplinary proceedings.

The State Bar has the burden of showing by clear and convincing evidence that Plunkett committed the violations charged. SCR 105(2)(f); *In re Discipline of Drakulich,* 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision,* 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa,* 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

19-46090

Having reviewed the record on appeal, we conclude that there is substantial evidence to support the panel's findings that Plunkett violated RPC 3.3(a)(1) and RPC 8.4(b)-(d). *See Sowers,* 129 Nev. at 105, 294 P.3d at 432; *Ogawa,* 125 Nev. at 668, 221 P.3d at 704. Plunkett was convicted, via a guilty plea, of a felony for using a cell phone with client inmates housed at Clark County Detention Center. Further, evidence in the record showed that Plunkett allowed a client inmate housed with the Nevada Department of Corrections to touch her in a sexual manner in violation of that department's policies. Plunkett also made false statements regarding these actions to the State Bar, to a Las Vegas Metropolitan Police Department detective, and in federal court proceedings. Accordingly, we agree with the hearing panel that Plunkett committed the violations set forth above.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner,* 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Plunkett knowingly violated duties owed to the public (criminal act reflecting adversely on fitness to be a lawyer) and to the legal system (candor to the court; conduct prejudicial to the administration of justice; and conduct involving dishonesty, fraud, deceit, or misrepresentation). Her misconduct injured the profession and the legal system, especially when taking into consideration her position as a criminal defense attorney and the nature of her misconduct, but more importantly, she caused great injury to her clients. As a result of Plunkett's actions, her clients faced additional criminal charges and, if convicted, will possibly have to serve additional jail time. The seriousness of this injury cannot be

overstated. Based on the foregoing, and before considering aggravating and mitigating factors, the baseline sanction is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11(a)-(b) (Am. Bar Ass'n 2018) ("Disbarment is generally appropriate when . . . a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, [or] misrepresentation . . . or . . . engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.").

We are not convinced that the mitigating factor warrants less severe discipline. The record supports the aggravating factors (substantial experience in the practice of law and illegal conduct) and one of the mitigating factors (no prior discipline) found by the panel, but we disagree with the panel's conclusion that Plunkett showed remorse. As such, we conclude that disbarment is appropriate to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession, *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988), and reject the panel's recommendation of a five-year-and-one-day suspension. We agree, however, with the panel's recommendation to impose the costs of the disciplinary proceeding on Plunkett as it is required under SCR 120(1) and the costs are supported by the record.

Accordingly, we hereby disbar attorney Alexis A. Plunkett from the practice of law in Nevada. Pursuant to SCR 102(1), disbarment is irrevocable. Plunkett shall pay administrative costs in the amount of $3,000 as provided in SCR 120(3), plus any costs for the disciplinary proceedings as specified in SCR 120(1) and set forth in the State Bar's

Memorandum of Costs dated June 25, 2019. The State Bar shall comply with SCR 121.1.[1]

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                       Hardesty

_____, J.          _____, J.
Parraguirre                                    Stiglich

_____, J.          _____, J.
Cadish                                          Silver

cc:    Chair, Southern Nevada Disciplinary Board
       Justice Law Center
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

---

[1]In addition to the notices and disclosures required by SCR 121.1, the State Bar shall also send a copy of this order to any other state bar, if any, wherein Plunkett is licensed to practice law.